FILED-CLERK
U.S. DISTRICT COURT

05 DEC 13 AM 9:47

TEXAS-EASTERN

BY_____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| DALE GARLAND THOMPSON | § | |
| VS. | § | CIVIL ACTION NO. 4:05cv217 |
| DOUG DRETKE | § | |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Dale Garland Thompson, an inmate confined at the Ellis I Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Don D. Bush, United States Magistrate Judge, at Sherman, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes Petitioner's objections should be overruled. The one-year limitations provision

1

contained in the AEDPA "does not operate as a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Id.* (citation and internal quotation marks omitted). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). However, "[a] garden variety claim of excusable neglect does not support equitable tolling." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation and internal quotation marks omitted).

Petitioner merely misunderstands the limitations statute, asserting that there is no way he could be time-barred when he has one year after exhaustion of his state remedies. However, the filing of a state application for writ of habeas corpus merely tolls the limitations period for the time during which the application is pending. *See* 28 U.S.C. § 2244(d)(2). Petitioner has presented no more than a garden variety claim of excusable neglect. Petitioner has failed to demonstrate that exceptional circumstances prevented him from filing his petition within the statutory period of limitations. *Pro se* status does not excuse an untimely filed federal habeas petition. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993). Further, Petitioner did not

2

diligently pursue his claims. As a result, the petition is barred by the statute of limitations.[1]

## O R D E R

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

SIGNED this 12th day of December, 2005.

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Petitioner's petition may be interpreted as presenting claims that the Sex Offender Registration Program is being applied to him in violation of the ex post facto clause, such claims are without merit.

Petitioner is required to register based on a conviction for indecency with a child in 1991. The Texas sex offender registration statute was originally enacted in 1991. See Acts 1991, 72nd Leg., R.S., ch. 572, eff. Sept. 1, 1991 (codified at Tex.Rev.Civ. Stat. Ann. art. 6252-13c.1). The Texas Sex Offender Registration Program, as it is now known, is currently codified at Chapter 62 of the Texas Code of Criminal Procedure. See Acts 2005, 79th Leg., ch. 1008, § 1.01, eff. Sept. 1, 2005 (amending and re-codifying the Sex Offender Registration Program within Chapter 62). Prior to 1997, the sex offender registration requirement applied only to those persons convicted of a sex offense after 1991. See Rodriguez v. State, 93 S.W.3d 60, 66 (Tex.Crim.App.2002). In 1997, however, the Texas legislature expanded the class of persons required to register to apply to those individuals who had a "reportable conviction or adjudication" since September 1, 1970, and who remained under some form of state supervision. See Act of June 1, 1997, 75th Leg., R.S., ch. 668 §§ 1, 11, 1997 Tex. Gen. Laws 2260-61, 2264 (currently codified at Tex.Code Crim. Proc. art. 62.002 (Vernon Supp.2005)). As a result of this amendment, the Texas Sex Offender Registration Program applies retroactively to Petitioner, who was convicted of indecency with a child in 1991. It is undisputed in this case that Petitioner's conviction for indecency with a child constitutes a "reportable conviction or adjudication" that triggers application of the Texas Sex Offender Registration Program. See Tex.Code Crim. Proc. art. 62.002 (Vernon Supp.2005). Because the Texas sex offender registration statute was in place when Petitioner was convicted in 2002, Petitioner's ex post facto argument is without merit.

3